UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| GABINO MEDRANO, ) | |
| ) | Case No. 4:24-cv-6 |
| *Petitioner*, ) | |
| v. ) | Judge Travis R. McDonough |
| ) | |
| UNITED STATES OF AMERICA, ) | Magistrate Judge Susan K. Lee |
| ) | |
| *Respondent*. ) | |
| ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner Gabino Medrano's motion to vacate his sentence (Doc. 1). Petitioner seeks relief from the Court's judgment in this case because he argues the statute under which he was convicted, 18 U.S.C. § 922(g), is unconstitutional in light of the Supreme Court's ruling in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). (*Id.*) For the following reasons, Petitioner's motion (*id.*) will be **DENIED**.

**I.  BACKGROUND**

On February 15, 2022, this Court entered judgment, sentencing Petitioner to 50 months imprisonment followed by a three-year term of supervised release after Petitioner pled guilty to one count of possession of a firearm by a convicted felon in violation 18 U.S.C. § 922(g)(1). (Docs. 16, 33 in Case No. 1:21-cr-12.) Petitioner did not file an appeal. On August 30, 2024, Petitioner filed the instant § 2255 motion. (Doc. 1.)

**II.  STANDARD OF LAW**

To obtain relief under 28 U.S.C. § 2255, a Petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of

fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Section 2255(f) imposes a one-year limitations period on all petitions for collateral relief under § 2255 running from the latest of: (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In ruling on a § 2255 petition, the Court must also determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Martin*, 889 F.3d at 832 (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)) (internal quotation marks omitted). While a

petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When a petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*.

### III. ANALYSIS

#### A. Timeliness of the Motion

As a threshold matter, Petitioner's motion is not timely. Section 2255 provides that a one-year time limit starts running from the date when a right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f). For reasons explained below, *Bruen* did not recognize the right of a person who has been convicted of a felony to possess a firearm. *See generally Bruen*, 142 S. Ct. 2111. Furthermore, even if *Bruen* had recognized such a right, it was decided more than a year prior to Petitioner bringing his petition. *Id.* Therefore, Petitioner's motion is untimely and will be dismissed.

#### B. Merits of the Motion

However, had Petitioner's motion been timely filed, the Court still would not find it persuasive. Petitioner argues that Section 922(g) is facially unconstitutional. (Doc. 1, at 1.) Petitioner's challenge is based on the Supreme Court's decision in *Bruen*. In *Bruen*, the Supreme Court announced a new test to determine whether a firearm regulation violates the Second Amendment. *Id.* at 2131. The test focuses on whether the challenged firearm regulation

3
Case 4:24-cv-00065-TRM-SKL   Document 2   Filed 09/10/24   Page 3 of 5   PageID #: 8

is consistent with historical firearm regulations. *Id*. Petitioner argues that by announcing this test, *Bruen* abrogated all Sixth Circuit and Supreme Court cases which found Section 922(g) to be constitutional. (Doc. 1, at 3–4.) However, *Bruen* did not concern a challenge to Section 922(g). *Bruen*, 142 S. Ct. 2111. Furthermore, the Sixth Circuit has squarely addressed and rejected Petitioner's argument in *United States v. Williams*, No. 23-6115, 2024 WL 3912894 (6th Cir. Aug. 23, 2024). In *Williams* the Sixth Circuit found that "[Section] 922(g)(1) is constitutional on its face and as applied to dangerous people." *Id.* at *18.

It is not entirely clear whether Petitioner is attempting to bring an as-applied challenge. (*See* Doc. 1.) However, even if he was, it would not change the Court's determination. The *Williams* court noted that "[a] person convicted of a crime is 'dangerous,' and can thus be disarmed, if he has committed [] a crime 'against the body of another human being,' including (but not limited to) murder, rape, assault, and robbery." *Id.* Here, Petitioner has several underlying felonies, including "aggravated assault with [a] Deadly Weapon." (Doc. 26, at 8 in Case No. 1:21-cr-12.) This is a sufficiently dangerous crime under *Williams* and, therefore, Section 922(g) is constitutional as applied to Petitioner.

The Court finds no reason to vacate Petitioner's sentence.

IV. **CONCLUSION**

The record before the Court conclusively shows that Petitioner is not entitled to relief. Accordingly, an evidentiary hearing is unnecessary. *See Martin*, 889 F.3d at 832. Petitioner's § 2255 motion (Doc. 1) is **DENIED**, and this action will be **DISMISSED WITH PREJUDICE**.

Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a

question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

    **AN APPROPRIATE JUDGMENT WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**